IN THE

TEXAS COURT OF CRIMINAL APPEALS

AT AUSTIN, TEXAS

*Motion denied a/4/15*

*Grant extension on*
*application PDR*
*corrected to 9/4/15*

DANNY RAY RANCHER, APPELLANT PRO SE,

FILED IN
COURT OF CRIMINAL APPEALS

AUG 0 4 2015

Abel Acosta, Clerk

v.

THE STATE OF TEXAS, APPELLEE

PRO SE MOTION FOR EN BANC RECONSIDERATION OF APPELLANT'S
PRO SE MOTION TO EXCEED THE -15- PAGE LIMIT AS DENIED WITHOUT
ANY CONSIDERATION OF ALTERNATIVE RELIEF TO REDRAW STRICKEN "PDR"

TO THE HONORABLE JUDGES OF SAID COURT:

NOW COMES,DANNY RAY RANCHER, Appellant/Pro se and pursuant to USCA.CONST.
AMENDS.1st,5th,14th;Tex.Const.Arts.5§4,5§5,1§13(Open Courts);TRAP.Rules 49.7,
49.68.2(c), and files Motion for En Banc Reconsideration of Appellant's Pro
se Motion to Exceed the -15- page Limit As Denied Without any Further Consider-
ation of Requested Alternative Relief to Redraw Stricken "PDR". And in support
there of would respectfully show as follows:

I.

On July 14,2015, Post Card Notice was entered in absence of any Court of
Criminal Appeals' Signature or Action Taken Sheet signatured by any Panel of
Judges to constitute a Quorom's Denial of Appellant's Pro se Motion to Exceed
the page Limit regarding the stricken Pro se "PDR".

Only on July 27,2015, was Appellant Pro se made aware of this Court of Crim-
inal Appeals' Notice denying his Motion to exceed the page limit when prison mail
room officials deliverd such Notice. Which entailed a-13- day delay wherein the
Post Card Notice was/is Postdated JULY 22,2015, which was/is another -8- full days
after such denial was entered on July 14,2015.

II.

TEX.CONST.ART.5§4(a)(b),pertinent here provides: "COURT OF CRIMINAL APPEALS;JUDGES."

(a) The Court of Criminal Appeals Shall consist of Eight Judges and One Presiding

1

Judge." (b) "For the purpose of hearing acses, the Court of Criminal Appeals may sit in panels of Three Judge, the designation thereof to be under Rules established by the court. In a panel of Three Judges, Two Judges Shall constitute a Quorom and the concurrence of two judges Shall be Necessary for a decision. The presiding Judge,under the rules established by the court,shall convene the court en banc for the purpose of hearing cases. . . When convened en banc, five judges shall constitute a quorom and the concurrence of five judges shall be necessary for a decision."

N "The question of the number of judges necessary to authorize the transaction of business by a court is as a general rule to be determined from the Constitution or statutory provisions creating and regulating courts,and as a general rule a majority of the members of a court is a "quorom" for the transaction of business and the decision of cases and in the absence of a "quorom",or the number required by law to hold court, a judgement rendered by the remaining judges is a nullity." See LONG V. STATE, (CR.APP. 1910) 59 TEX. CRIM. 103,127 SW. 551, AM.ANN. CAS.1912A,1244.

TRAP. RULE 67.1, provides: "FOUR JUDGE VOTE." "By at least Four Judges,the Court of Criminal Appeals may grant review of a court of appeals' decision in a criminal case at any time before the mandate of the court of appeals issued."

TRAP.RULE 69.1, provides: "GRANTING OR REFUSAL." "If Four Judges do not vote to grant a Petition for Discretionary Review, the Court will enter a docket notation that the Petition is Refused. "If Four Judges Vote to Grant the Petition the Court will enter a docket notation that the Discretionary Review is Granted."

TEX.CONST.ART.5§5, pertinent here provides: "JURISDICTION OF COURT OF CRIMINAL APPEALS." (a) "The Court of Criminal Appeals shall have final appellate jurisdiction coextensive with the limits of the State, and its determinations shall be final, in all criminal cases of whatever grade, with such exceptions and under such regulations as may be provided in this Constitution or as prescribed by law."

(b) "The appeal of all other criminal cases shall be to the Courts of Appeals. as prescribed by law. In addition,the Court of Criminal Appeals may,on its own motion review a decision of a Court of Appeals in a criminal case as provided by law. DISCRETIONARY REVIEW BY THE COURT OF CRIMINAL APPEALS IS NOT A MATTER OF RIGHT, BUT OF SOUND JUDICIAL DISCRETION."

"THE FUNDAMENTAL REQUIREMENT OF DUE PROCESS IS THE OPPORTUNITY TO BE HEARD. IT IS AN OPPORTUNITY WHICH MUST BE GRANTED AT A MEANINGFUL TIME AND IN A MEANINGFUL MANNER."ARMSTRONG V. MANZO, 85 S.CT. 1187 (1965).

"WHETHER A STATE LAW IS PROPERLY CHARACTERIZED AS FALLING UNDER THE EX POST FACTO CLAUSE IS A FEDERAL QUESTION THAT THE SUPREME COURT DETERMINES FOR ITSELF." USCA.CONST. ART.1§10,CL.1. CARMELL V. TEXAS, 120 S.CT. 1620 (2000).

"IN BEAZELL V. OHIO, 46 S.CT. 68 (1925). THE SUPREME COURT SUMMARIZED THE CHARACTERISTICS OF AN EX POST FACTO LAW:IT IS SETTLED BY DECISIONS OF THIS COURT SO WELL KNOWN THAT THIS CITATION MAY BE DISPENSED WITH THAT ANY STATUTE WHICH PUNISHES AS A CRIME ANY ACT PREVIOUSLY COMMITTED WHICH WAS INNOCENT WHEN DONE, WHICH MAKES MORE BURDENSOME THE PUNISHMENT FOR A CRIME,AFTER ITS COMMISSION,OR DEPRIVES ONE CHARGED WITH CRIME OF ANY DEFENSE AVAILABLE ACCORDING TO LAW AT THE TIME WHEN THE ACT WAS COMMITTED IS PROHIBITED AS EX POST FACTO."

"Defendant's claim that his convictions were barred by EX POST FACTO CLAUSES OF TEXAS AND UNITED STATES CONSTITUTIONS BECAUSE STATUTE UNDER WHICH THEY WERE PROSECUTED HAD NOT YET BEEN ENACTED AT TIME OF HIS ALLEGEDLY CRIMINAL CONDUCT WAS NOT FORFEITABLE IRREGULARITY OF TRIAL PROCESS AND COULD BE RAISED FOR FIRST

TIME ON APPEAL;DEFENDANT WAS NOT OBJECTING TO SUFFICIENCY OF CHARGING INSTRUMENT OR ADEQUACY OF JURY CHARGE,AND CONSTITUTIONAL PROHIBITION AGAINST EX POST FACTO LAWS IS NOT REALLY INDIVIDUAL RIGHT AT ALL,BUT IS CATEGORICAL PROHIBITION DIRECTED BY PEOPLE TO GOVERNMENT AND SUCH PROHIBITION MAY NOT BE WAIVED EITHER INDIVIDUALLY OR COLLECTIVELY SHORT OF CONSTITUTIONAL AMENDMENT." USCA.CONST.ART. 1§10,Cl.1. IEPPERT V. STATE, 908 SW.2d. 217 (TEX.CR.APP. 1995).

"JUDGEMENT OF IMPROPERLY CONSTITUTED COURT OF APPEALS AFFIRMING DEFENDANT'S CONVICTIONS WOULD BE INVALIDATED WITHOUT ASSESSING PREJUDICE,DESPITE FACT THAT TWO JUDGES OF THE THREE-JUDGE PANEL CONSTITUTED A QUOROM LEGALLY ABLE TO TRANS- ACT BUSINESS. 28 USCA.§§ 46(b),292(a). See NGUYEN V. UNITED STATES, 123 S.CT. 2130 (2003). Cf. RUIZ V. QUARTERMAN, 504 F3d. 523 (5TH.CIR. 20  );TX.CONST.ART.5§4(b). "PANEL OF THE COURT OF APPEALS CONSISTING OF TWO ARTICLE III JUDGES AND ONE ARTICLE IV TERRITORIAL COURT JUDGE DID NOT HAVE THE AUTHORITY TO DECIDE DEFEND- ANT'S APPEALS; PROVISIONS OF DESIGNATION STATUTE DID NOT PERMIT THE CHIEF JUDGE OF THE NORTHERN MARIANA ISLANDS TO SIT BY DESIGNATION ON THE 9TH CIRCUIT." USCA. ART.4§3,Cl.2. Id. Cf. TEX.GOV.CODE § 22.222.

"A QUOROM" IS THE NUMBER OF JUDGES NECESSARY TO AUTHORIZE THE TRANSACTION OF BUSINESS VALIDLY." NEW PROCESS STEEL V. N.L.R.B., 130 S.CT. 2535 (2010).

"BECAUSE THE EXHAUSTION DOCTRINE FOR FEDERAL HABEAS RELIEF IS DESIGNED TO GIVE THE STATE COURTS A FULL AND FAIR OPPORTUNITY TO RESOLVE FEDERAL CONSTITUTIONAL CLAIMS BEFORE THOSE CLAIMS ARE PRESENTED TO THE FEDERAL COURTS,STATE PRISONER MUST GIVE THE STATE COURTS ONE FULL OPPORTUNITY TO RESOLVE ANY CONSTITUTIONAL ISSUES BY INVOKING ONE COMPLETE ROUND OF THE STATE'S ESTABLISHED APPELLATE REVIEW PROCESS BEFORE FILING A HABEAS PET- ITION." O'SULLIVAN V. BOERCKEL, 119 S.CT. 1728 (1999).

"IN ORDER TO SATISFY EXHAUSTION REQUIREMENT, . . . PRISONER WAS REQUIRED TO PRESENT HIS CLAIMS TO ILLINOIS SUPREME COURT BEFORE FILING HIS PETITION FOR FEDERAL HABEAS RELIEF,EVEN THOUGH REVIEW BY THE STATE SUPREME COURT WAS "DISCRETIONARY AND ONE FACTOR COURT WAS TO CONSIDER IN EXERCISING ITS DIS- CRETION WAS GENERAL IMPORTANCE OF QUESTION PRESENTED; ALTHOUGH STATE PRISON- ER DID NOT HAVE RIGHT TO REVIEW BY STATE SUPREME COURT,HE HAD RIGHT TO "RAISE" HIS CLAIMS BEFORE THAT COURT." Id. Cf. EX PARTE JARRETT, 891 SW.2d.935 (TX.CR.1995).

TEX.GOV.CODE § 22.108(a) provides: "The Court of Appeals is Granted Rulemaking power to promulgate rules of posttrrial,appellate,and review procedure in crim- inal cases,except that its rules may not abridge,enlarge,or modify the substant- ive rights of a litigant. Cf. TEX.CODE CRIM.PROC.ART.44.02.

Right to appeal in criminal case is statutory right. See EX PARTE SPRING 586 SW.2d. 482 (CR.APP. 1978).

"THE EQUAL PROTECTION CLAUSE REQUIRES THAT ONCE A STATE ESTABLISHES AVENUES OF APPELLATE REVIEW,THOSE AVENUES BE KEPT FREE OF UNREASONED DISTINCTIONS THAT CAN ONLY IMPEDE OPEN AND EQUAL ACCESS TO THE COURTS." BLACKLEDGE V. PERRY, 94 S.CT. 2098 (1974).

"THE UNITED STATES SUPREME COURT CAN REVIEW ONLY JUDGEMENTS OF A STATE COURT OF LAST RESORT "HAS DENIED DISCRETIONARY REVIEW." SUP.CT.RULE 13.1. See also GONZALEZ V. THALER, 132 S.CT. 641 (2012)

## III.

## FURTHER ISSUES PRESENTED

Whether Strict Application of the Judgemade TRAP.Rule 9.4(1)(2)(D)-15- page Limit on PDR,regarding Two Cases/Convictions on Direct Appeal as Consolidated as same Case on Appeal,presenting Two Ex Post Facto Claims within -28- pages as applied on its face is in conflict with and Repugnant to USCA.CONST.ARTS.

1§9,Cl.3,1§10,Cl.1;USCA.CONST.AMENDS.1st,5th,14th;TEX.CONST.ARTS.1§13(a)&Open Courts);1§16;5§4,5§5,And TEX.CODE CRIM.PROC.ART.44.02,in dictating Supervised Litigation stricter that FRAP.32.7(A)'s -30- Pages and S.CT. Rule 33.2(b)'s -40- page Limitation to File Petition for WRIT OF CERTIORARI.

"Where statute is claimed to be Unconstitutional,the praticular clause of the Constitution with which it is claimed to conflict,must be specified and the statute must admit no reasonable construction in harmony with its meaning." PINE GROVE T.P. TALCOTT, 86 U.S. 666, 19 WALL,22 L.ED. 227 (1873).

"A Law that impinges upon a fundamental right explicity or implicitly secured by the Constitution is presumptively unconstitutional." See in accord CITY OF MOBILE ALA. V. BOLDEN, 100 S.CT. 1490 (1980).

"Basic purpose of Federal Rule is to administer justice through fair trial. Not through summary dismissal." SUROWITZ V. HILTON CORP., 86 S.CT. 845 (1966).
"Federal Rules were designed in large part to get away from old procedural booby traps,which common law pleaders could set to prevent unsophiscated litigants from ever having their day in court."Id.
"It is contrary to spirit of Federal Rules . . . for decision on merits rather than to be avoided on basis of mere technicality." FOREMAN V. DAVIS, 83 S.CT. 227 (1962).
"The interest of finality in litigation must yeild,where interest of justice would make unfair,strict application of Supreme Court's rules." UNITED STATES V. OHIO POWER CO., 77 S.CT. 652 (1965). "We can imagine a case where a page limitation (even one set at twenty (20) pages would be an abuse of discretion,and so district courts should be flexible in application of such a limitation." See also TIMMERMAN V. U.S. BANK, N.A., 483 F3d. 1106 (10TH.CIR. 2007). "A . . . court's refusal to allow a litigant to submit additional pages in excess of the -20- page limit for a Summary Judgement Brief, as mandated by court order,is best characterized as Supervision of litigation decision." Id.

Further a Pro se litigant's drafting of his petitition should not be held to standards as stringent as those held by licenesed attorneys. See also HAINES V. KERNER, 92 S.CT. 594 (1972).

Further the TRAP.Rule 9.4(i)(E)(3), provides that the Court may on motion, permit a document that exceeds the prescribed limit, and (5) permit the party to Resubmit the document in a conforming format by a specified deadline,but after returning the NON-conforming document as stricken.

The Court of Criminal Appeals comprises -8- Judges and -1- Presiding Judge as setout in the Provisions of TEX.CONST.ART.5§4, supra, and not a Single Appellate Judge making decisions which could Dismiss or Deny Appellant's case sought to be heard on PDR., claiming violations of the Federal Ex Post Facto Clause on this part of the Direct Review appellate process.

"IN COURT OF APPEALS' DISCRETIONARY REVIEW CAPACITY,IT REVIEWS "DECISIONS" OF THE COURT OF APPEALS." STRINGER V. STATE, 241 SW.3d. 52 (TEX.CR.APP. 2007), Reh.,denied,on Remand, 276 SW.3d. 95, PDR Granted. TEX.CONST.ART. 5§5.

Appellant pro se does not have access to photocopying services free or paid for at his expense in TDCJ-ID., and cannot comply with the APPENDIX portion of the Contents of a redrawn Pro se PDR. And in alternative Relief he'd prayed

4

for this Court to had ordered its clerk to had returned the Non-conforming pro se PDR,or issue an Order directing Ms. Brittany Hamilton, Law Library Supervisor (Access to Courts Director) at the A. Hughes Unit to photocopy the Memorandum Opinion of the 9th Court of Appeals at Appellant's expense and set a deadling for him to refile a conforming PDR. Which previously has not been considered.

"TEXAS APPELLATE COURTS MUST CONSTRUE THE TRAP RULES REASONABLY,YET LIBER-ALLY,SO THAT THE RIGHT TO APPEAL IS NOT LOST BY IMPOSING REQUIREMENTS NOT AB-SOLUTELY NECESSARY TO EFFECT THE PURPOSE OF A RULE." GULGHAM V. FISHER, 349 SW.3d 153 (TEX. APP. 5-DIST. 2011).

The decision to had struck the Pro se "PDR" for exceeding the -15- page limit by this Court was PER CURIAM, thus, by the Court as a whole,but,however with Two Judges Dissenting. Which in the event of such being a THREE-JUDGE-PANEL, would have constituted a Quorom in this pro se party's favor. So En Banc Reconsideration should be granted.

PRAYER

WHEREFORE PREMISES CONSIDERED, Appellant Pro se prays above all things that the Appellate Avenue of Petitioning for Discretionary Review presenting Two Federal Ex Post Facto claims as prohibited by USCA.CONST.ARTS.1§9,Cl.3,1§10,Cl.1; is not foreclosed from being reviewed by the Court of Criminal Appeals by a Judge made TRAP. Rule not to exceed -15- pages and Order the Stricken Pro se PDR in its current and unreturned state,timely filed in forthwith Granting Motion for En Banc Reconsideration based upon the foregoing reasons and authorities; or in the alternative of denying all relief, issue an Order directing Law Library Supervisor, Ms. Brittany Hamilton at the Hughes Unit,Rt.2 Box 4400,Gatesville,Tx., to provide photocopying services to specifically obtain three copies of the Lower Appellate Court's Opinion as required to be attached to any Redrawn Pro se PDR,as required APPENDIX,then set a deadline in which to refile a conforming "PDR"; or further Order the Clerk of this Court to return the Non-conforming "PDR" in its entirety including both APPENDICES, then set a deadline for filing a conforming pro se "PDR" to provide opportunity to be Heard petititioning for a Redsess of Grievances against the Government for obtaining a Judgement of conviction and Sentence in violation of the Federal Ex Post Facto Clauses.

Dated:_____

Respectfully submitted,

Rt. 2 Box 4400
Hughes Unit
Gatesville,Texas 76597
-Appellant Pro Se-

5

## CERTIFICATE OF SERVICE

I, hereby the undersigned Appellant Pro se certify that a true and correct copy of the foregoing Motion for En Banc Reconsideration has been served on opposing counsel on this 29th day of July, 2015, by depositing same in the U.S. Postal Service First Class Mail, addressed as follows:State's Prosecuting Attorney,P.O.Box 13046,Austin,Texas 78711.

_____  #184198
Appellant Pro Se

6